UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:23-CR-0422 |
| Joe Frank Barrera, *a/k/a* "LJ", | § | |
| Raymond William Burnett, *a/k/a* "Ray Ray", | § | |
| Morgan Shane Cooper *a/k/a* "Coop", | § | |
| William Espinoza, | § | |
| Mario Humberto Gomez *a/k/a* "Gator", | § | |
| Joseph Roy Gomez *a/k/a* "Tequila", | § | |
| Edgar Mauricio Hinojosa *a/k/a* "Charro Bean", | § | |
| Rudolph Christopher Lopez *a/k/a* "Yao", | § | |
| Jesse James Mulrein *a/k/a* "Fort Worth G", | § | |
| Ricardo Quinones *a/k/a* "Scooter", | § | |
| Joe Rios *a/k/a* "Jo Daddy" and | § | |
| Moises Soriano *a/k/a* "Oso" | § | |

### MOTION TO CONTINUE JURY TRIAL AND DESIGNATE THE INSTANT MATTER AS A COMPLEX CASE

COMES NOW the United States of America, by and through its counsel, Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, John M. Lewis and Brian Hrach, Assistant United States Attorneys, to request that the Court grant a continuance of the jury trial date in the above-captioned matter and designate the matter as a complex case that warrants tolling of the speedy trial time.

1.  On September 13, 2023, an Indictment was filed in case number 4:23-CR-0422, charging the defendants with Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3) and 2 (Count 1); Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(6) (Count 2); and Discharge of a Firearm in During and in Relation to a Crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2 (Count 3), amongst other charges.

1

2. Defendants Joe Frank Barrera, a/k/a "LJ", Raymond William Burnett, a/k/a "Ray Ray", Morgan Shane Cooper a/k/a "Coop", William Espinoza, Mario Humberto Gomez a/k/a "Gator", Joseph Roy Gomez a/k/a "Tequila", Edgar Mauricio Hinojosa a/k/a "Charro Bean", Jesse James Mulrein a/k/a "Fort Worth G", Ricardo Quinones a/k/a "Scooter", Joe Rios a/k/a "Jo Daddy", Rudolph Christopher Lopez a/k/a "Yao" and Moises Soriano a/k/a "Oso" have been arraigned on the Indictment and entered pleas of Not Guilty. The Court has set a pretrial conference date of March 15, 2024 and a jury trial date of March 18, 2024 for Defendant Rudolph Christopher Lopez a/k/a "Yao".

3. The nature of the Indictment in this case is unusually complex. It is the result of an extensive investigation spanning over multiple years, conducted by federal law enforcement with assistance from various state and local law enforcement agencies. The Indictment charges crimes committed in 2020 that involves leaders, members, and associates of the outlaw motorcycle gang *Homietos*. The charges contained in the indictment allege that the *Homietos* is an enterprise that is engaged in racketeering activities.

4. As a result of the complex nature of the case, discovery is voluminous and includes, but is not limited to, investigative reports from both federal and state agencies, materials obtained through subpoenas, search warrants, and other methods, numerous videos, cellular telephone records, cellular telephone downloads, statements, various forensic reports, medical records, and items of physical evidence. While the government is in the process of producing discovery to defense counsel for each of the defendants, the defendants will require substantial time in order to thoroughly review the discovery, conduct any necessary follow-up investigation, apprise their clients of the nature of the evidence against them, and research, prepare, and file any necessary

pretrial motions. Defense counsel may also need sufficient time to accumulate information to present on their client's behalf.

5. The government, therefore, moves for vacating the current scheduling order (and any deadlines contained therein) and trial date, and subject to the schedule and approval of the Court, the setting of a status conference date on or about June 1, 2024 or such later date as approved by the Court to address the progress of discovery and the parties' respective positions on a schedule for pretrial proceedings, including the filing of pretrial motions, and trial. The government anticipates that trial of the matter will last at least approximately two weeks, depending on the number of defendants who proceed to trial.

6. Under the Speedy Trial Act, a defendant must generally be brought to trial within seventy days of his initial appearance or the making public of the indictment, whichever last occurs. However, certain time periods are excluded from this calculation, including the pendency of any pretrial motion (from its filing through the hearing or ruling on the motion), 18 U.S.C. § 3161(h)(l)(D), as well as any delay resulting from a continuance granted in furtherance of the "ends of justice," 18 U.S.C. § 3161(h)(7)(A); *see also Bloate v. United States*, 130 S. Ct. 1345, 1358 (2010) (subsection (h)(7) provides "'[m]uch of the Act's flexibility' and gives district courts 'discretion-within limits and subject to specific procedures-to accommodate limited delays for case-specific needs'") (quoting *Zedner v. United States*, 547 U.S. 489, 499 (2006)). The Speedy Trial Act also makes excludable a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

7. In determining whether to grant a continuance under 18 U.S.C. § 3161(h)(7)(A), the Speedy Trial Act directs the Court to consider, among other factors: (i) whether failing to grant

a continuance "would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice" (18 U.S.C. § 3161(h)(7)(B)(i)); and (ii) whether the case "is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within" seventy days (18 U.S.C. § 3161(h)(7)(B)(ii)).

8.  For the foregoing reasons, it is in the interest of the defendants, their respective counsel, and the government to designate this case as complex, and thus modify the normal trial time limits established by 18 U.S.C. § 3161. Complicated and voluminous motions are anticipated requiring additional time for the parties to research applicable law and respond. Additionally, the Court will have to review, consider, and rule on all such motions and responses. All parties, including the Court, have an interest in seeing this case presented in an efficient and well-organized manner. This will ensure the evidence is presented to a jury without unnecessary and time-consuming delays.

9.  Accordingly, the government requests that all time from the arraignment and plea until such time as the Court shall rule otherwise should be excluded for purposes of Speedy Trial calculations, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i)-(ii). The ends of justice served by this exclusion of time far outweigh the interest that the public and the defendants have in a speedy trial.

10. Therefore, the government respectfully request this Court to certify this cause as a complex case, therefore tolling the time limits under the Speedy Trial Act, 18 U.S.C. § 3161, and to issue a scheduling order reflecting a status conference date as it may deem appropriate, considering the matters stated herein.

11. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

12. A severance has not been granted, and the government requests that speedy trial time should be tolled pursuant to 18 U.S.C. § 3161(h)(6).

13. The government's position is that nothing in this motion shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

14. Counsel for the United States has transmitted this motion to counsel for defendants Joe Frank Barrera, a/k/a "LJ", Raymond William Burnett, a/k/a "Ray Ray", Morgan Shane Cooper a/k/a "Coop", William Espinoza, Mario Humberto Gomez a/k/a "Gator", Joseph Roy Gomez a/k/a "Tequila", Edgar Mauricio Hinojosa a/k/a "Charro Bean", Jesse James Mulrein a/k/a "Fort Worth G", Ricardo Quinones a/k/a "Scooter", Joe Rios a/k/a "Jo Daddy", Rudolph Christopher Lopez a/k/a "Yao" and Moises Soriano a/k/a "Oso" prior to filing for review and each defendant and his respective counsel have indicated their position as UNOPPOSED. A certificate of compliance is attached hereto.

WHEREFORE, for the reasons above, the government respectfully request that the Court certify the instant matter as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), vacate the current scheduling order (and any deadlines contained therein) and trial date, set a status conference date, and exclude the computation of time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i)-(ii).

Respectfully submitted,

Alamdar S. Hamdani
United States Attorney
Southern District of Texas


*/s/ John M. Lewis*
John M. Lewis
Brian Hrach
Assistant United States Attorneys

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he has consulted with counsel for defendants Joe Frank Barrera, a/k/a "LJ", Raymond William Burnett, a/k/a "Ray Ray", Morgan Shane Cooper a/k/a "Coop", William Espinoza, Mario Humberto Gomez a/k/a "Gator", Joseph Roy Gomez a/k/a "Tequila", Edgar Mauricio Hinojosa a/k/a "Charro Bean", Jesse James Mulrein a/k/a "Fort Worth G", Ricardo Quinones a/k/a "Scooter", Joe Rios a/k/a "Jo Daddy", Rudolph Christopher Lopez a/k/a "Yao" and Moises Soriano a/k/a "Oso" regarding the above motion.

At the time of the filing of this motion, defendants Joe Frank Barrera, a/k/a "LJ", Raymond William Burnett, a/k/a "Ray Ray", Morgan Shane Cooper a/k/a "Coop", William Espinoza, Mario Humberto Gomez a/k/a "Gator", Joseph Roy Gomez a/k/a "Tequila", Edgar Mauricio Hinojosa a/k/a "Charro Bean", Jesse James Mulrein a/k/a "Fort Worth G", Ricardo Quinones a/k/a "Scooter", Joe Rios a/k/a "Jo Daddy", Rudolph Christopher Lopez a/k/a "Yao" and Moises Soriano a/k/a "Oso" are UNOPPOSED to this motion to certify this case as complex, to vacate the current scheduling order (and any deadlines contained therein) and a continuance of the current trial date and to the setting of a status conference.

*/s/ John M. Lewis*
John M. Lewis
Brian Hrach
Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:23-CR-0422 |
| Joe Frank Barrera, *a/k/a* "LJ", | § | |
| Raymond William Burnett, *a/k/a* "Ray Ray", | § | |
| Morgan Shane Cooper *a/k/a* "Coop", | § | |
| William Espinoza, | § | |
| Mario Humberto Gomez *a/k/a* "Gator", | § | |
| Joseph Roy Gomez *a/k/a* "Tequila", | § | |
| Edgar Mauricio Hinojosa *a/k/a* "Charro Bean", | § | |
| Rudolph Christopher Lopez *a/k/a* "Yao", | § | |
| Jesse James Mulrein *a/k/a* "Fort Worth G", | § | |
| Ricardo Quinones *a/k/a* "Scooter", | § | |
| Joe Rios *a/k/a* "Jo Daddy" and | § | |
| Moises Soriano *a/k/a* "Oso" | § | |

### ORDER TO CONTINUE JURY TRIAL AND DESIGNATE THE INSTANT MATTER AS A COMPLEX CASE

This matter having been put to the Court on the motion of the United States of America, by and through its counsel, Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, John M. Lewis and Brian Hrach, Assistant United States Attorneys, for the entry of an order: (1) designating the above-captioned case as "complex" for the purposes of computing and excluding time under the Speedy Trial Act, 18 U.S.C. § 3161 (the "STA"); (2) vacating the current scheduling order (and any deadlines contained therein) and trial date; and (3) continuing this matter until at least June 1, 2024 for a status conference.

IT IS THE FINDING OF THIS COURT that this action should be declared a complex case and continued for the reasons stated in the Motion to Continue Jury Trial and Designate the Instant Matter as a Complex Case, and as follows:

1.        The Court finds that the nature of the prosecution, the voluminous discovery, and the likelihood of extensive pre-trial briefing makes this case so complex and unusual that it is unreasonable to expect adequate preparation for pretrial proceedings or trial within the time limits set by the STA.  *See* 18 U.S.C. §§ 3161(h)(7)(B)(i)-(ii).

2.        Therefore, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by continuing this matter through a date to be set by the Court, outweigh the best interest of the public and defendants in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).

WHEREFORE, on this _____ of _____, 2024, it is ORDERED that for the reasons set forth above, this matter is hereby designated as a complex case;

IT IS FURTHER ORDERED that the Court will vacate the current scheduling order (and any deadlines contained therein) and trial date and set a status conference for _____, 20____, at ___:___ [a.m./p.m.], at which time the defendants and the government will advise the Court of the progress of discovery and their respective positions on a schedule for pretrial proceedings, including the filing of pretrial motions, and trial;

IT IS FURTHER ORDERED that proceedings in the above-captioned matter are continued from the date of this Order through the status conference set by the Court on _____;

9

IT IS FURTHER ORDERED that the period from and including the date of the filing of this Order, through and including the date of the status conference set by the Court on _____, is hereby excludable in computing time under the Speedy Trial Act pursuant to Title 18, United States Code, Sections 3161(h)(6), (h)(7)(A), (h)(7)(B)(ii), and (h)(7)(B)(iv).

_____
THE HONORABLE CHARLES R. ESKRIDGE III
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF TEXAS